# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN BEACHLER, | : |
| Plaintiff | : |
| v. | : Civil Action No_____ |
| | : |
| CON-WAY FREIGHT, Inc. | : JURY TRIAL DEMANDED |
| | Electronically Filed |
| and | : |
| XPO LOGISTICS FREIGHT, INC., | : |
| and | : |
| MELINDA BOWERSOX, Individually | : |
| and | : |
| RON CROSSMAN, Individually, | : |
| Defendants. | : |

## COMPLAINT FOR
## DECLARATORY, EQUITABLE AND MONETARY RELIEF

### Jury Trial Demanded

Plaintiff, Shawn Beachler, (hereinafter "Ms. Beachler") claims relief and damages upon a cause of action against the above-captioned Defendants, whereof the following is a statement:

## PARTIES

1.   Plaintiff, Shawn Beachler, (hereinafter "Ms. Beachler") resides in Dauphin County, Pennsylvania and was employed with Con-Way Freight and XPO Logistics for over 20 years. Ms. Beachler is a member of a protected class (disability status; age-over 40) and engaged in protected activity during her employment with the Defendants.   After Ms. Beachler was on an approved FMLA leave to care for her serious health conditions/disabilities, the Defendants retroactively terminated her employment, her insurance, and her benefits.   Subsequently, Defendants then refused to allow her to return to work despite being medically cleared.

2.   Defendant Con-Way Freight Inc. (hereinafter "Defendant Con-Way") is a Delaware Corporation with a corporate office at 2211 Old Earhart Road, Suite 100, Ann Arbor, Michigan 28105.   It is a transportation company that is now known as XPO Logistics Freight, Inc. that operates throughout the United States at 290 locations, employing over 20,000 people.   It operates a place of business in Pennsylvania at 2580 Old Route 15, New Columbia, PA 17856 and is engaged in commerce throughout the United States and Pennsylvania. Thus, Con-Way is an "employer" pursuant the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. §12101 *et seq.*, the Family and Medical

Leave Act, the Age Discrimination in Employment Act, and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963.

3.  Defendant XPO Logistics Freight, Inc. (hereinafter "Defendant XPO") is a Delaware Corporation with a corporate office at 2211 Old Earhart Road, Suite 100, Ann Arbor, Michigan 28105.  It is a transportation company that operates throughout the United States at 290 locations, employing over 20,000 people.  It operates a place of business in Pennsylvania at 2580 Old Route 15, New Columbia, PA 17856 and is engaged in commerce throughout the United States and Pennsylvania. Thus, Defendant XPO is an "employer" pursuant the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. §12101 *et seq.*, the Family and Medical Leave Act, Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq.*, and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963.

4.  Defendant Melinda Bowersox (hereinafter "Defendant Bowersox") was employed as the Director of Human Resources of Con-Way Freight and XPO Logistics.  Defendant Bowersox exercised control over the terms, conditions, and privileges of Ms. Beachler's employment including the decision to attempt to terminate her employment, to replace her with a person outside of her protected classes (non-disabled female), to retroactively terminate her benefits, and to refuse to allow Ms. Beachler to return to work at Con-way Freight/XPO

Logistics.   Defendant Bowersox is being sued in her individual capacity for violations of the Family and Medical Leave Act, and for aiding and abetting in discrimination and retaliation under the Pennsylvania Human Relations Act.

5.   Defendant Ron Crossman (hereinafter "Defendant Crossman") was employed as a Manager of Con-Way Freight and XPO Logistics.   Defendant Crossman exercised control over the terms, conditions, and privileges of Ms. Beachler's employment including the decision to attempt to terminate her employment, to replace her with a person outside of her protected classes (non-disabled female), to retroactively terminate her benefits, and to refuse to allow Ms. Beachler to return to work at Con-way Freight/XPO Logistics.   Defendant Crossman is being sued in his individual capacity for violations of the Family and Medical Leave Act, and for aiding and abetting in discrimination and retaliation under the Pennsylvania Human Relations Act.

## JURISDICTION

6.   Paragraphs 1 through 5 are incorporated herein by reference as though set forth in full.

7.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, as a case arising under the laws of the United States. Jurisdiction is invoked pursuant to the Family and Medical Leave Act, 29 U.S.C. §2601 et seq., the

Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.* the Americans with Disabilities Act Amendments Act, 42 U.S.C. §12101 *et seq.* which provide for original jurisdiction of Ms. Beachler's claims arising under the laws the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

8.    Supplemental jurisdiction exists over Plaintiff's state claims, including claims arising under the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963.

9.    Ms. Beachler exhausted her administrative remedies including by bringing claims at the U.S. Equal Employment Opportunity Commission/Pennsylvania Human Relations Commission and has filed her claims within ninety (90) days of her receipt of the Right to Sue letter issued by the EEOC on August 3, 2017.

## VENUE

10.   Paragraphs 1 through 9 are incorporated herein by reference as though set forth in full.

11.   The actions complained of herein occurred within the jurisdiction of ther Court and involve a Defendant who resides within its jurisdictional limits.

12.   Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391(b) and 1391(c) because one or more of the defendants reside in the Middle District of Pennsylvania and events or omissions giving rise to Plaintiff's claims have

occurred in the Middle District of Pennsylvania, and because one or more Defendants can be found in ther District.

## FACTUAL ALLEGATIONS

13.   Paragraphs 1 through 12 are incorporated herein by reference as though set forth in full.

14.   Plaintiff Shawn R. Beachler (age-over 40; disability status), was employed with Con-Way Freight Inc. and XPO Logistics Freight Inc. for over twenty years, from February 14, 1994 until September 7, 2016.

15.   At the time of her hire in 1994, Ms. Beachler began working as Customer Service Representative in the Harrisburg/Lancaster location.

16.   Ms. Beachler was on an approved vacation during the first week of March 2016.

17.   During her vacation, Ms. Beachler was diagnosed with a serious health condition and referred for further treatment, which might involve a hospitalization.

18.   Defendants, including Ron Crossman, Ms. Beachler's supervisor, were aware of Ms. Beachler's need for treatment and a hospitalization.

19.   While Ms. Beachler was on vacation, a part time customer service representative made false and discriminatory statements to management about

Ms. Beachler's disability, including the false statement that Ms. Beachler was a threat to other people.

20. Instead of disciplining this employee, Defendants replaced Ms. Beachler with the employee, who was part time and wanted a full time position to obtain medical benefits.

21. This employee was of the lowest seniority and would lose her benefits if she were part time instead of a full time employee like Ms. Beachler.

22. At the time, Ms. Beachler had accrued paid time off and did not resign from her employment.

23. Defendants terminated Ms. Beachler's insurance benefits effective to March 8, 2016, retroactively effective to when Ms. Beachler was on vacation.

24. Defendants then denied Ms. Beachler's FMLA request on March 17, 2016, but not received until March 23, 2016.

25. Before denying Ms. Beachler's FMLA request and refusing to provide her with an accommodation, Defendants posted Ms. Beachler's position.

26. Defendants began interviewing candidates as well.

27. Defendants hired a much younger and less experienced person before Ms. Beachler even received the Defendants letter claiming they could not keep her position open.

28.     On April 4, 2016, Ms. Beachler requested that she return to work with an accommodation for her disability.

29.     Defendants refused to engage in the interactive process with Ms. Beachler or provide her with any accommodations.

30.     Ms. Beachler was therefore placed on short-term disability leave through the Defendants' employer-sponsored disability insurance program and her health insurance was restored retroactive to March 8, 2016.

31.     On September 1, 2016, Ms. Beachler was cleared to returned to work at full capacity effective September 6, 2016.

32.     On September 1, 2016, Ms. Beachler communicated her return to work clearance to the Defendants and specifically Melinda Bowersox, Personnel Supervisor.

33.     Ms. Bowersox responded, "Thank you for the update. I am glad you are on the mend! Unfortunately your FMLA has expired and we had to move forward with business needs."

34.     Ms. Beachler replied, asking whether she had been terminated.

35.     In response, on September 7, 2016, the Defendants, specifically, Melinda Bowersox informed Ms. Beachler that "Your position at XPO has been terminated. You have two weeks to find employment at any of our other locations to maintain your original hire date."

36.   After being informed she was fired, Ms. Beachler applied for, and was approved for, unemployment compensation benefits.

37.   To date, Ms. Beachler has been unable to find comparable employment.

38.   Months later, and after Ms. Beachler filed her EEOC Complaint, Defendants claimed they made an "error" in terminating Ms. Beachler's employment.

39.   They instructed her to find a position in the Company.

40.   However, no comparable positions existed with the Defendants under a two hour drive.

41.   Defendants were aware they had already filled Ms. Beachler's position with a much younger, non-disabled employee and that no other comparable positions existed.

42.   After Ms. Beachler filed her EEOC complaint, Defendant Ron Crossman was terminated from his position with the Defendants.

43.   Defendants' actions discriminated against Ms. Beachler because of her disability status and record of a disability, refused to engage in the interactive process with Ms. Beachler, violated the FMLA, and retaliated against her in violation of the Americans with Disabilities Act, Title VII of the Civil Rights Act, the FMLA and the Pennsylvania Human Relations Act.

44.     It is believed and therefore averred that Ms. Beachler's protected activity, her disability, FMLA leave, and age, were factors in the Defendants' decision to replace Ms. Beachler and terminate her employment.

45.     Defendants' individual and collective adverse actions against Ms. Beachler were done with reckless indifference to Ms. Beachler's rights under federal and state law.

46.     As a result of the Defendants' actions, Ms. Beachler has suffered loss of wages, loss of benefit, loss of earning capacity, damage to her reputation, compensatory damages, liquidated damages, punitive damages, and reimbursement of attorneys' fees and costs.

## COUNT I

### Violations of the Family and Medical Leave Act
### *29 U.S.C. §2601 et seq.*

#### *Against All Defendants, Collectively and Individually*

47.     Paragraphs 1 through 46 are incorporated herein by reference as though set forth in full.

48.     Ms. Beachler was at all times relevant hereto an eligible employee as defined by the Family and Medical Leave Act.

49.     Defendant Melinda Bowersox was at times relevant hereto was an "employer" as defined by the Family and Medical Leave Act.

50.   Defendant Ron Crossman was at times relevant hereto was an "employer" as defined by the Family and Medical Leave Act.

51.   Defendant XPO Logistics was at times relevant hereto was an "employer" as defined by the Family and Medical Leave Act.

52.   Defendant Con-Way Freight was at times relevant hereto was an "employer" as defined by the Family and Medical Leave Act.

53.   During her employment the Defendants, Ms. Beachler was eligible for FMLA leave:  she worked for over 1,250 hours in 2015, in 2014, and in 2013 and had a serious health condition.

54.   The FMLA leave was medically necessary to care for Ms. Beachler's own serious health conditions.

55.   Defendants interfered with Ms. Beachler's right to take FMLA leave, including by failing to correctly calculate Ms. Beachler's leave entitlement and designate her absences as FMLA qualifying events.

56.   As a result of Defendants' interference with Ms. Beachler's right to take FMLA leave and retaliation, she suffered damages, including the termination of her employment and medical benefits and the failure to return Ms. Beachler to work following her FMLA leave.

57.   As a result of Defendants' violations of the FMLA, Ms. Beachler has suffered harm, and is entitled to, damages, which include:

a. Lost pay;

b. Lost medical benefits;

c. Consequential damages, including expenses for medical treatment, including travel, mileage, and copays;

58. In addition to monetary damages, Ms. Beachler is entitled to equitable remedies.

59. Along with monetary damages and equitable relief, Ms. Beachler has incurred attorneys' fees and costs that should be awarded in addition to any judgment awarded by the Court.

60. Defendants' violations of the FMLA were wanton, willful and malicious, thereby entitling Ms. Beachler to liquidated damages.

## COUNT II

### *Age Discrimination In Violation of the Age Discrimination in Employment Act 29 U.S.C. §621 et seq.*

### *Against Defendants Con-Way Freight and XPO Logistics*

61. Paragraphs 1 through 60 are incorporated herein by reference as though set forth in full.

62. Defendants violated the Age Discrimination in Employment Act, 29 U.S.C. 621 *et seq.* by discriminating against Ms. Beachler because of her age (over 40).

63.    Ms. Beachler was qualified to perform her position as a Customer Service Representative, as evidenced by her numerous, successful performance evaluations and two decades of employment.

64.    Ms. Beachler was subject to disparate treatment because of her age, including being terminated from her position and replaced by a significantly younger, less experienced employee as more fully outlined herein.

65.    Defendants' reasons for its actions against Ms. Beachler are a pretext for discrimination.

66.    Defendant replaced Ms. Beachler with less experienced younger employee under the age of 40.

67.    Therefore, Defendant discriminated against Ms. Beachler in violation of the ADEA.

68.    Defendants engaged in the discriminatory conduct as fully set forth above and incorporated herein by reference with malice and/or intentional indifference to Ms. Beachler's statutory civil rights protected by federal and state law.

69.    As a direct and proximate result of Defendants' actions and omissions, Ms. Beachler has suffered and will continue to suffer loss of employment, lost wages, lost bonuses, damage to her career and earning capacity, mental anguish, anxiety, personal humiliation, painful embarrassment, disruption of her personal life, and loss of enjoyment of life.

## COUNT III

### Age Discrimination
### In Violation of the Pennsylvania Human Relations Act,
### 43 Pa.C.S.A. §951 et seq.

### Against Defendants Bowersox and Crossman, Collectively and Individually

70.    Paragraphs 1 through 69 are incorporated herein by reference as though set forth in full.

71.    Defendants violated the Pennsylvania Human Relations Act by discriminating against Ms. Beachler because of her age (over 40).

72.    Ms. Beachler was qualified to perform her position with the Defendants, as evidenced by her numerous, successful performance evaluations.

73.    Ms. Beachler was subject to disparate treatment because of her age including being fired and replaced by a significantly younger, less experienced employee, as more fully outlined herein.

74.    Defendants' reasons for their actions against Ms. Beachler are a pretext for discrimination.

75.    Defendants replaced Ms. Beachler with less experienced, younger employee.

76.    Therefore, Defendants discriminated against Ms. Beachler in violation of the PHRA.

77.   Defendants engaged in the discriminatory conduct as fully set forth above and incorporated herein by reference with malice and/or intentional indifference to Ms. Beachler's statutory civil rights protected by federal and state law.

78.   As a direct and proximate result of Defendants' actions and omissions, Ms. Beachler has suffered and will continue to suffer loss of employment, lost wages, lost bonuses, damage to her career and earning capacity, mental anguish, anxiety, personal humiliation, painful embarrassment, disruption of her personal life, and loss of enjoyment of life.

## COUNT  IV

### Disability Discrimination In Violation of the Americans with Disabilities Act Amendments Act

*Against the Defendants Con-Way Freight and XPO Logistics*

79.   Paragraphs 1 through 78 are incorporated herein by reference as though set forth in full.

80.   Plaintiff, Shawn Beachler, is a qualified individual with a disability, a person with a disability or record of a disability.

81.   Depression and anxiety is a physical impairment that substantially limits Ms. Beachler's major life activities, including concentration, communication, sleep, and organizational memory problems.

82.   Ms. Beachler treated with her medical providers every month during March 2016 to September 2016.

83.    As part of her treatment, Ms. Beachler is required to take numerous medications, which can have adverse side effects.

84.    Defendants, including Defendants Bowersox and Crossman, were aware of Ms. Beachler's disability prior to replacing her with a non-disabled employee while she was in the hospital, and retroactively terminating her employment and benefits.

85.    The Defendants made adverse employment decisions against Ms. Beachler, including replacing her and terminating her employment because of her disability.

86.    Ms. Beachler requested accommodations for her disability, including a modified schedule.

87.    Defendants failed to provide her with accommodations for her disability.

88.    Defendants refused to engage in the interactive process with Ms. Beachler in a timely manner.

89.    Defendants refused to consult with Ms. Beachler to ascertain the job-related limitations, if any, imposed by Ms. Beachler's disability.

90.    Defendants failed to consult with Ms. Beachler to identify potential accommodations and assess the effectiveness each would have in enabling her to perform the essential functions of her job.

91.     Defendants failed to consider Ms. Beachler's preferences for accommodations and select and implement the accommodations most appropriate for Ms. Beachler and the employer.

92.     Additionally, Defendants treated non-disabled employees better than Ms. Beachler, and did not terminate, investigate, or replace non-disabled employees.

93.     Therefore, Defendants discriminated against Ms. Beachler because of her disability and record of a disability.

94.     The Defendants' adverse acts and omissions described herein were illegally motivated by Ms. Beachler being a person with, and a record of, a disability.

95.     As a result of Defendants' willful violations of the ADAAA Ms. Beachler has suffered damages, including loss of reputation, damage to her career, lost pay and benefits, and loss of happiness and well-being.

96.     Thus, Defendants willfully violated the ADAAA when they discriminated against Ms. Beachler and are liable to Ms. Beachler for all available relief, including monetary and compensatory damages, along with attorneys' fees and costs.

## COUNT  V

### Disability Discrimination –

### In Violation of the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951 *et seq.*

### *Against Defendants Bowersox and Crossman, Collectively and Individually*

97.    Paragraphs 1 through 96 are incorporated herein by reference as though set forth in full.

98.    Plaintiff, Shawn Beachler, is a qualified individual with a disability, a person with a disability or record of a disability.

99.    Depression/anxiety is a physical impairment that substantially limits Ms. Beachler's major life activities, including concentration, communication, sleep, and organizational memory problems.

100.    Ms. Beachler treated with her medical providers every month during March 2016 to September 2016.

101.    As part of her treatment, Ms. Beachler is required to take numerous medications, which can have adverse side effects.

102.    Defendants, including Defendants Bowersox and Crossman, were aware of Ms. Beachler's disability prior to replacing her with a non-disabled employee while she was in the hospital, and retroactively terminating her employment and benefits.

103.   The Defendants made adverse employment decisions against Ms. Beachler, including replacing her and terminating her employment because of her disability.

104.   Ms. Beachler requested accommodations for her disability, including a modified schedule.

105.   Defendants failed to provide her with accommodations for her disability.

106.   Defendants refused to engage in the interactive process with Ms. Beachler in a timely manner.

107.   Defendants refused to consult with Ms. Beachler to ascertain the job-related limitations, if any, imposed by Ms. Beachler's disability.

108.   Defendants failed to consult with Ms. Beachler to identify potential accommodations and assess the effectiveness each would have in enabling her to perform the essential functions of her job.

109.   Defendants failed to consider Ms. Beachler's preferences for accommodations and select and implement the accommodations most appropriate for Ms. Beachler and the employer.

110.   Additionally, Defendants treated non-disabled employees better than Ms. Beachler, and did not terminate, investigate, or replace non-disabled employees.

111.   Therefore, Defendants discriminated against Ms. Beachler because of her disability and record of a disability.

112.   The Defendants' adverse acts and omissions described herein were illegally

motivated by Ms. Beachler being a person with, and a record of, a disability.

113.   As a result of Defendants' willful violations of the PHRA Ms. Beachler has

suffered damages, including loss of reputation, damage to her career, lost pay

and benefits, and loss of happiness and well-being.

114.   Thus, Defendants willfully violated the PHRA when they discriminated against

Ms. Beachler and are liable to Ms. Beachler for all available relief, including

monetary and compensatory damages, along with attorneys' fees and costs.

115.   Thus, Defendants willfully violated the PHRA when they discriminated against

Ms. Beachler and are liable to Ms. Beachler for all available relief, including

monetary and compensatory damages, along with attorneys' fees and costs.

## COUNT VI

**Retaliation in Violation of the Americans with Disabilities Act Amendments Act
42 Pa.C.S.A. §12101 *et seq.***

*Against Defendants XPO and Con-Way*

116.   Paragraphs 1 through 115 are incorporated herein by reference as though set

forth in full.

117.   During her employment with the Defendants, Ms. Beachler opposed practices

made unlawful by the ADAAA and asserted her rights under federal and state

law to work with Defendants in a non-discriminatory, non-retaliatory environment.

118. When Ms. Beachler asserted her rights under federal and state law, Defendants had actual notice of her basis for a discrimination complaint and need for accommodations under the ADAAA.

119. After asserting her rights under the ADAAA, Ms. Beachler suffered illegal retaliation by Defendants, including discipline, refusal to provide accommodations, refusal to engage in the interactive process with a person with a disability, replacement of position, termination of health insurance, termination of life insurance, and termination of employment, as more fully outlined above, which was materially adverse to a reasonable employee.

120. Defendants failed or refused to investigate, alleviate, or eliminate the discrimination being practiced against Ms. Beachler.

121. The acts and omissions described herein were illegally motivated by Ms. Beachler's engaging in protected activity and/or being a member of a protected class (disability status).

122. Additionally, the retaliation negatively affected the terms, conditions, and privileges of Ms. Beachler's employment, including being unfairly targeted for an investigation into time and attendance, replaced, and terminated from employment.

123.  Defendants' actions against Ms. Beachler, as more fully outlined above, were harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination.

124.  Defendants have violated the ADAAA in retaliating against Ms. Beachler for asserting her rights under federal and state law.

125.  As a result of Defendants' willful violations of the PHRA, Ms. Beachler has suffered damages, including loss of reputation, loss of wages and benefits, loss of medical insurance, loss of life insurance, loss of future income and growth opportunities, damage to her career, and loss of happiness and well-being.

126.  By participating in and/or causing the negatively-changed working conditions and the above-described adverse workplace actions Defendants have violated the ADAAA.

127.  Defendants' violations of the ADAAA were wanton, willful and malicious.

128.  Defendants engaged in the retaliatory conduct as fully set forth above and incorporated herein by reference with malice and/or intentional indifference Ms. Beachler's statutory civil rights protected by federal and state law.

129.  Thus, Defendants willfully violated the ADAAA when they retaliated against Ms. Beachler and are liable to Ms. Beachler for all available relief, including for economic and compensatory damages, along with attorneys' fees and costs.

## COUNT VII

### Retaliation in Violation of the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951 *et seq.*

### *Against all Defendants, Collectively and Individually*

130. Paragraphs 1 through 129 are incorporated herein by reference as though set forth in full.

131. During her employment with the Defendants, Ms. Beachler opposed practices made unlawful by the Pennsylvania Human Relations Act and asserted her rights under federal and state law to work with Defendants in a non-discriminatory, non-retaliatory environment.

132. When Ms. Beachler asserted her rights under federal and state law, Defendants had actual notice of her basis for a discrimination complaint and need for accommodations under the PHRA.

133. After asserting her rights under the PHRA, Ms. Beachler suffered illegal retaliation by Defendants, including discipline, refusal to provide accommodations, refusal to engage in the interactive process with a person with a disability, replacement of position, termination of health insurance, termination of life insurance, and termination of employment, as more fully outlined above, which was materially adverse to a reasonable employee.

134. Defendants failed or refused to investigate, alleviate, or eliminate the discrimination being practiced against Ms. Beachler.

135. The acts and omissions described herein were illegally motivated by Ms. Beachler's engaging in protected activity and/or being a member of a protected class (disability status).

136. Additionally, the retaliation negatively affected the terms, conditions, and privileges of Ms. Beachler's employment, including being unfairly targeted for an investigation into time and attendance, replaced, and terminated from employment.

137. Defendants' actions against Ms. Beachler, as more fully outlined above, were harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination.

138. Defendants have violated the PHRA in retaliating against Ms. Beachler for asserting her rights under federal and state law.

139. As a result of Defendants' willful violations of the PHRA, Ms. Beachler has suffered damages, including loss of reputation, loss of wages and benefits, loss of medical insurance, loss of life insurance, loss of future income and growth opportunities, damage to her career, and loss of happiness and well-being.

140. By participating in and/or causing the negatively-changed working conditions and the above-described adverse workplace actions Defendants have violated the PHRA.

141. Defendants' violations of the PHRA were wanton, willful and malicious.

142.   Defendants engaged in the retaliatory conduct as fully set forth above and incorporated herein by reference with malice and/or intentional indifference Ms. Beachler's statutory civil rights protected by federal and state law.

143.   Thus, Defendants willfully violated the Pennsylvania Human Relations Act when they retaliated against Ms. Beachler and are liable to Ms. Beachler for all available relief, including for economic and compensatory damages, along with attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Shawn Beachler, respectfully requests this Court enter judgment in her favor and against the Defendants and direct the following relief:

1.   For a judgment declaring Defendants violated the Americans with Disabilities Act, the FMLA, the Age Discrimination in Employment Act and their state counterparts;

2.   For a money judgment representing damages, including lost wages, future lost wages and front pay, liquidated damages, punitive damages to the extent available, and all other sums of money, including retirement benefits and other employment benefits, compensatory damages, together with interest thereon for the Defendants' willful violations of federal and state law.

3.   For a money judgment representing prejudgment interest;

4.   For an Order directing Defendants to restore Ms. Beachler and make her whole;

5.     That the Court retain jurisdiction over this action until the Defendants have fully

complied with the Orders of this Court and that the Court require Defendants to file

such reports as may be necessary to supervise such compliance;

6.     For the costs of suit, including an award of reasonable attorneys' fees;

7.     Fine Defendants for their violations;

8.     For such other and further relief as may be just and proper, including all relief

afforded to victims of discrimination and retaliation under the Americans with

Disabilities Act Amendments Act, the FMLA, the ADEA, and the Pennsylvania

Human Relations Act.

<strong><u>JURY TRIAL DEMANDED.</u></strong>

RESPECTFULLY SUBMITTED

SHAWN BEACHLER

BY AND THROUGH HER
ATTORNEYS
/s/ Lisa Matukaitis, Esq.
_____
Lisa Matukaitis, Esq.
PA Bar ID: #202467
Matukaitis Law LLC
104 STATE STREET
HARRISBURG, PA  17101
Ph. 717.412.7759
Fax 717.412.7764
lm@matlawllc.com

Dated:  October 30, 2017